IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE T. SWIDERSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1818 (MN) |
| | ) |
| SAMUEL J. FRABIZZIO, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Alice T. Swiderski, Newark, Delaware.   Pro Se Plaintiff.

Samuel J. Frabizzio, Esquire, Wilmington, Delaware.   Counsel for Defendant.

June 27, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Alice T. Swiderski (Plaintiff"), who appears *pro se*, filed this employment discrimination case on December 27, 2021. (D.I. 1). Pending are Defendant's motion to dismiss and motion to strike (D.I. 4, 9) and Plaintiff's motion for default judgment and motion for a review of standard of professional conduct and request for disciplinary proceeding (D.I. 6, 12). The matters have been briefed.

### I.  BACKGROUND

Plaintiff was employed by Defendant Samuel J. Frabizzio, Attorney at Law ("Defendant"). (D.I. 1 at 2). Her employment was terminated on May 4, 2021. (*Id*.). On the complaint form, Plaintiff check-marked discrimination due to age and disability (*Id*. at 3) while the civil cover sheet indicates that Plaintiff brings this action under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA") (D.I. 1-4). The Complaint states that Plaintiff filed charges with the Office of Anti-Discrimination and the EEOC on June 25, 2021 and the EEOC issued a right-to-sue letter received by Plaintiff on September 29, 2021. (*Id*. at 2). Attached to the Complaint is a right to sue notice issued by the State of Delaware Department of Labor Division of Industrial Affairs – Office of Anti-Discrimination. (D.I. 1-1). The Court was not provide with a notice of suit rights issued by the EEOC. Plaintiff seeks compensatory damages. (*Id*. at 3).

Defendant moves for dismissal pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and insufficiency of service of process, for lack of subject matter jurisdiction, and on the grounds that the ADA is not applicable to Defendant. Defendant also moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff opposes.

1

## II.    SERVICE OF PROCESS

Defendant moves for dismissal on the grounds that this Court lacks jurisdiction over Defendant based upon insufficient service of process. Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a party may move to dismiss for insufficient service of process. The burden is on the party serving process to show that service was valid. *Grand Ent. Grp. Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. An individual effects proper service by: (1) following state law for serving a summons in the state where the district court is located or where service is made; (2) personal service; (3) leaving the summons and the complaint at the individual's "usual place of abode with someone of suitable age and discretion who resides there"; or (4) serving process upon an agent "authorized by appointment or by law" to receive service. Fed. R. Civ. P. 4(e).

Defendant's legal assistant/secretary Maureen Donahue ("Donahue") states that a man entered Defendant's office on January 5, 2022, did not identify himself, and asked if Defendant was present. (D.I. 4-1 at 3). Donahue asked the man if she needed to sign for a package and he said yes and that Donahue needed to print her name on a piece of paper. (*Id*.). Donahue complied. (*Id*.). The man did not identify what he was dropping off. (*Id*.). Once Donahue printer her name on the paper, the man kept the paper and handed her a summons and complaint. (*Id*.). After the man left, Donahue handed the documents to Defendant. Donahue is not an agent authorized by appointment or by law to receive service of process on behalf of Defendant. (D.I. 4-1 at 3, 6). Defendant was unaware the of the presence of a process service in his law office until Donohue told him and after the process server left and. (*Id*. at 7).

Plaintiff argues that Donahue is the employee/agent of Defendant, that working in the reception/lobby are her normal duties, that Donahue controls entry to the law office, and that

2

Defendant was in the office and it would have been impossible for him to be unaware of the process server's presence there. The proof of service signed by process server Timothy Hines states that he served the summons on Donahue who is designated by law to accept service of process on behalf of Defendant. (D.I. 3). Plaintiff does not rebut Donahue's affidavit that the process server did not identify himself or the affidavits of Defendant and Donahue that Donahue is not authorized to accept process on behalf of Defendant.

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the Court will deny the motion to dismiss for insufficient service of process. Plaintiff will be given additional time to effect service in compliance with Rule 4 of the Federal Rules of Civil Procedure.

### III. OTHER GROUNDS FOR DISMISSAL

Defendant also seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction for lack of a notice of right to sue rights from the EEOC and based upon the definition of an employer under the ADA. Rule 12(b)(1) allows the Court to dismiss a case if the Court lacks subject-matter jurisdiction over a dispute. Rule 12(b)(1) is not applicable here.

Defendant argues that this Court lacks subject matter jurisdiction due to Plaintiff's failure to complete the grievance procedure (*i.e.*, failure to provide a notice of right to sue letter issued by EEOC), yet the Third Circuit has held that "[f]ailure to exhaust . . . 'do[es] not affect the District Court's subject matter jurisdiction.'" *Anjelino v. The New York Times Co.*, 200 F.3d 78, 87

(3d Cir. 1999) (quoting *Hornsby v. United States Postal Service*, 787 F.2d 87, 89 (3d Cir. 1986)). And, while the failure to exhaust administrative remedies is not a jurisdictional defect, it does provide grounds for dismissing a case under Rule 12(b)(6) of the Federal Rule of Civil Procedure. *See Anjelino v. New York Times Co.*, 200 F.3d at 87-88. Defendant, however, does not move for dismissal pursuant to Rule 12(b)(6). He only seeks dismissal under Rule 12(b)(1). The Third Circuit has held that it is impermissible for a district court to reach the merits of a claim through a Rule 12(b)(1) motion, which in essence would be converting a Rule 12(b)(1) motion to a Rule 12(b)(6) motion. *See Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016).

Defendant also moves for dismissal under Rule 12(b)(1) on the grounds that he is not an employer as that term is defined under the ADA.[1] It seems Defendant is unaware of *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72 (3d Cir. 2003), which determined that the fifteen employee threshold is not jurisdictional; and rather is a "substantive element (whether an 'employer' exists) of a [ADA] claim." *Id.* at 83. The Third Circuit further determined the Rule 12(b)(1) standard is inapplicable and that the issue should be "under the summary judgment standard" given that matters outside the pleadings are considered. *Id.* at 84.

Defendant's motion for dismissal under Rule 12(b)(1) will be denied.

IV. **MISCELLANEOUS MOTIONS**

Defendant's motion to strike will be granted. (D.I. 9). Plaintiff submitted documents that are not relevant to the issues raised. Plaintiff's motion for default judgment will be denied.

---

[1] The ADA is only applicable to employers employing the requisite number of employees. It defines an employer, in part, as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111. Under the Age Discrimination in Employment Act, an employer under the law is defined as "a person engaged in an industry affecting commerce who has twenty or more employees . . . [or] any agent of such a person." 29 U.S.C. § 630(b).

4

(D.I. 6). Proper service has not been effected and there has been no entry of default. *See* Fed. R. Civ. P. 55. Plaintiff's motion for a review of standard of professional conduct and request for disciplinary proceeding will be denied. (D.I. 12). Such filings in this employment discrimination are inappropriate. Rule 83.6 of the Local Rules of this Court set forth the appropriate mechanism for attorney discipline.

### V.      CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Defendant's motion to dismiss (D.I. 4); (2) grant Defendant's motion to strike (D.I. 9); (3) deny Plaintiff's motion for default judgment (D.I. 6); (4) deny Plaintiff's motion for a review of standard of professional conduct and request for disciplinary proceeding (D.I. 12); and (5) give Plaintiff additional time to properly serve Defendant pursuant to Fed. R. Civ. P. 4.

An appropriate order will be entered.