IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICE T. SWIDERSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1818 (MN) |
| | ) |
| SAMUEL J. FRABIZZIO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Alice T. Swiderski, Newark, Delaware.   Pro Se Plaintiff.

Samuel J. Frabizzio, Wilmington, Delaware.   Defendant.

January 5, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Alice T. Swiderski (Plaintiff"), who appears *pro se*, filed this employment discrimination case on December 27, 2021. (D.I. 1). Pending are Plaintiff's expedited motion for ruling pursuant to Rule 5 and/or request to amend the June 27, 2022 Order to allow for alternate service of process (D.I. 25), motion for summary judgment (D.I. 28), and motion to amend/correct summons returned executed (D.I. 61); and Defendant's motion to dismiss for failure to state a claim (D.I. 26), motion to dismiss for insufficiency of service of process, for lack of jurisdiction over the person, and dismiss for failure to state a claim (D.I. 34), motion to dismiss for lack of jurisdiction over the person, for insufficiency of process, and for failure to state a claim (D.I. 37), and motion to strike (D.I. 49). The matters have been briefed.

**I.      BACKGROUND**

Plaintiff was employed by Defendant Samuel J. Frabizzio, Attorney at Law ("Defendant"). (D.I. 1 at 2). Her employment was terminated on May 14, 2021. (*Id*.). On the complaint form, Plaintiff check-marked discrimination due to age and disability (*Id*. at 3) although the civil cover sheet indicates that Plaintiff brings this action under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA") (D.I. 1-4). The Complaint states that Plaintiff filed charges with the Office of Anti-Discrimination and the EEOC on June 25, 2021. (*Id*. at 2). In her charge of discrimination, Plaintiff asserts discrimination by reason of disability when, after missing seven days' work, she received a return to work release from her physician and, instead, was discharged by Defendant. (D.I. 26-2). Attached to the Complaint is a right to sue notice issued by the State of Delaware Department of Labor Division of Industrial Affairs – Office of Anti-Discrimination. (D.I. 1-1).

On June 27, 2022, the Court denied Defendant's motion to dismiss with leave to renew and gave Plaintiff until on or before July 29, 2022 to properly serve Defendant. (D.I. 24). On July 25, 2022, Plaintiff filed an expedited motion for ruling pursuant to Rule 5 and/or request to amend the June 27, 2022 Order to allow for alternate service of process. (D.I. 25). On August 1, 2022, Defendant filed a motion to dismiss the Complaint. (D.I. 26). On August 16, 2022, Plaintiff filed a motion for summary judgment. (D.I. 28).

Plaintiff filed an Amended Complaint on August 16, 2022. (D.I. 29). On August 22, 2022, Defendant filed a motion to dismiss the amended complaint for insufficiency of service of process, for lack of jurisdiction over the person, and for failure to state a claim (D.I. 34). Also, on August 22, 2022, Plaintiff filed a notice of withdrawal of the Amended Complaint and attached to it a Second Amended Complaint with exhibits. (D.I. 36). On August 23, 2022, Defendant filed a motion to dismiss the Second Amended Complaint for lack of jurisdiction over the person, for insufficiency of service of process, and for failure to state a claim. (D.I. 37, 39).

On August 30, 2022, Plaintiff filed an EEOC dismissal and notice of rights signed on August 25, 2022, informing Plaintiff of her notice of right to sue. (D.I. 41-3). On September 12, 2022, Defendant filed a motion to strike any and all pleadings filed by Plaintiff after July 29, 2022. (D.I. 49). On October 3, 2022, Plaintiff filed a request to correct a summons returned executed. (D.I. 61).

## II. **SERVICE OF PROCESS**

Defendant argues he has never been served and that the time for service has long passed as set forth in this Court's June 27, 2022 Memorandum Opinion and Order. (*See* D.I. 23, 24). The Court has reviewed **ALL** filings in this matter and concludes that Plaintiff effected service on Defendant on August 29, 2022. (*See* D.I. 42-1). Prior to that, Plaintiff attempted service of

Defendant on multiple occasions. Defendant was aware of these attempts and, it seems, sought to evade service. (D.I. 25, 26-7, 27, 32).

On August 29, 2022, the process server knocked and rang the front doorbell, and there was no answer. (D.I. 54-1). The process server walked to the side door, rang the bell and knocked on the glass door. (*Id.*). The process server saw a small dog and a silhouette of a person standing in the hallway. (*Id.*). The dog turned and ran away and the process server knocked on the glass again and rang the doorbell, yet the person did not answer. (*Id.*). The process server left the papers and departed the premises. (*Id.*). Defendant acknowledges that when he exited the side door of his residence the morning of August 29, 2002, he found the copies of the original Complaint (D.I. 1) and the Second Amended Complaint (D.I. 36-2) left by the process server. (D.I. 39).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. An individual effects proper service by: (1) following state law for serving a summons in the state where the district court is located or where service is made; (2) personal service; (3) leaving the summons and the complaint at the individual's "usual place of abode with someone of suitable age and discretion who resides there"; or (4) serving process upon an agent "authorized by appointment or by law" to receive service. FED. R. CIV. P. 4(e).

A face-to-face encounter and in-hand delivery are not always necessary for proper service of process under Rule 4 of the Federal Rules of Civil Procedure. *See Gambone v. Lite–Rock Drywall Corp.*, 124 F. App'x 78, 79 (3d Cir. 2005) (holding that leaving papers on doorstep after

slamming door and announcing service was sufficient); 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1095 (3d ed. 2002). Leaving papers in the defendant's physical proximity is usually sufficient if (1) defendant actively evades service, and (2) there is clear evidence that the defendant actually received the papers at issue when allegedly served. *See Gambone*, 124 F. App'x at 79, 80. Here, the requirements are met. Defendant was seen in his house (albeit a silhouette), yet refused to answer the door. In addition, Defendant admits he received the papers when they were served. Hence, Defendant was not denied proper service. Having concluded that Defendant was properly served, his motion to dismiss under Rule 12(b)(2) is moot.

Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(5) (D.I. 37) will be denied.

### III. OTHER GROUNDS FOR DISMISSAL

Defendant also seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that the "original Complaint is deemed to have been dismissed without prejudice by the Court" for Plaintiff's failure to effect service of process of the original complaint upon Defendant on or before July 29, 2022. (D.I. 37 at 7). Defendant further argues that there is no original Complaint "as to which the new Second Amended Complaint can be filed" and, therefore, the Second Amended Complaint fails to state a clam upon which relief can be granted. (*Id*.).

As discussed above, the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer*, 969 F.2d at 30. This Court exercised its discretion, declined to dismiss the case for failure to serve, and concluded that Defendant was

4

served on August 29, 2022. Therefore, Defendant's 12(b)(6) motion to dismiss (D.I. 37 at 7) will be denied.

### IV. MISCELLANEOUS MOTIONS

Having determined that Defendant has been served and that other motions are directed to pleadings withdrawn by Plaintiff, the following motions will be denied as moot: Plaintiff's expedited motion for ruling pursuant to Rule 5 and/or request to amend the June 27, 2022 Order to allow for alternate service of process (D.I. 25) and motion for summary judgment (D.I. 28); and Defendant's motion to dismiss for failure to state a claim (D.I. 26) and motion to dismiss for insufficiency of service of process, for lack of jurisdiction over the person, and dismiss for failure to state a claim (D.I. 34).

Defendant's motion to strike all pleadings filed by Plaintiff after July 29, 2022 based upon the failure to effect service (D.I. 49) will be denied. Plaintiff's motion to correct summons returned executed filed at Docket Item 56 (D.I. 61) will be granted.

### V. CONCLUSION

For the above reasons, the Court will: (1) deny Defendant's motion to dismiss (D.I. 37) and motion to strike (D.I. 49); (2) grant Plaintiff's motion to correct (D.I. 61); and (3) deny as moot Plaintiff's expedited motion for ruling pursuant to Rule 5 and/or request to amend the June 27, 2022 Order to allow for alternate service of process (D.I. 25) and motion for summary judgment (D.I. 28) and Defendant's motion to dismiss for failure to state a claim (D.I. 26) and motion to dismiss for insufficiency of service of process, for lack of jurisdiction over the person, and dismiss for failure to state a claim (D.I. 34). An appropriate order will be entered.